IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 06-cv-01488-WYD-BNB

JOHN GLENN SNYDER,

     Applicant,

v.

JOE ORTIZ, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER OF DISMISSAL

---

     Applicant John Glenn Snyder is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility at Cañon City, Colorado. Mr. Snyder has filed **pro se** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Colorado state court conviction and sentence. In an order filed on September 27, 2006, Senior Judge Zita L. Weinshienk dismissed the action as barred by the one-year limitation period. The United States Court of Appeals for the Tenth Circuit reversed the order dismissing this habeas corpus action as time-barred. The Tenth Circuit's mandate was filed in this Court on July 6, 2007. On July 23, 2007, Mr. Snyder filed a "Motion for Amendment to Grounds on Writ of Habeas Corpus and Addition of Exhibit." Mr. Snyder's July 23 motion is listed twice on the Court's docket as docket entry number 24 and docket entry number 26. The July 23 motion listed as docket entry number 24 will be granted and docket entry

number 26 will be denied as moot.

In an order filed on August 3, 2007, I directed Respondents to file an answer to the habeas corpus application. On August 22, 2007, Respondents filed their answer. On October 12, 2007, Mr. Snyder filed a traverse to Respondents' answer.

I must construe the application and other papers filed by Mr. Snyder liberally because he is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. After reviewing the entire file, I find that an evidentiary hearing is not necessary. For the reasons stated below, the habeas corpus application will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Snyder was convicted in 2002 in Weld County District Court case number 01CR367. Mr. Snyder entered a guilty plea to one count of sexual assault on a child by a person in a position of trust. He was sentenced to an indeterminate term of six years to life in prison to be followed by an indeterminate term of ten years to life on mandatory parole. Mr. Snyder did not file a direct appeal. Instead, on December 2, 2002, he filed in the trial court a postconviction motion pursuant to Rule 35 of the Colorado Rules of Criminal Procedure challenging the validity of his conviction and sentence. On August 11, 2003, the trial court denied the Rule 35 motion. The Colorado Court of Appeals affirmed the denial of the Rule 35 motion. ***See People v. Snyder***, No. 03CA1776 (Colo. Ct. App. May 19, 2005) (not published). On October 17, 2005, the Colorado Supreme Court denied Mr. Snyder's petition for writ of certiorari.

The Court received the instant action for filing on July 26, 2006.

Mr. Snyder asserts four claims for relief in the instant action that he alleges were raised in the state court proceedings. Those four claims, with sub-parts, are the following:

1. Counsel was ineffective by failing to have Mr. Snyder's offense date specified in the plea agreement; by failing to advise Mr. Snyder of the effect of a new sentencing law; by failing to object at sentencing on the grounds that Mr. Snyder's guilty plea had not been accepted; and by failing to introduce character witnesses at sentencing.

2. Mr. Snyder's sentence is illegal because he was sentenced pursuant to the wrong statutory sentencing scheme; because the trial court never accepted his guilty plea; and because his mandatory parole is illegal under Colorado law.

3. Mr. Snyder's guilty plea was not knowing, voluntary, and intelligent because he was not advised of the applicable sentencing scheme; because he was not advised of the requirements of the prison sex offender treatment program; and because the trial court never accepted his guilty plea.

4. The trial court abused its discretion by imposing sentence without accepting Mr. Snyder's guilty plea; by sentencing Mr. Snyder under the wrong statutory sentencing scheme; and by making erroneous findings in connection with the denial of Mr. Snyder's Rule 35 motion.

Respondents concede that the instant action is timely filed. *See* 28 U.S.C. § 2244(d).

## II. EXHAUSTION OF STATE REMEDIES

Respondents first argue that Mr. Snyder has failed to exhaust state remedies for some of the claims he is raising. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective

to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999);

*Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The

exhaustion requirement is satisfied once the federal claim has been presented fairly to

the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation

requires that the federal issue be presented properly "to the highest state court, either

by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at

1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been

presented to the highest state court in order to satisfy the fair presentation requirement.

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d

1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas

corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S.

at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary

to support the federal claim were before the state courts."  *Anderson v. Harless*, 459

U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional

claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*,

513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

*Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing

a federal habeas corpus action bears the burden of showing that he has exhausted all

available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

<u>Claim One</u>

As noted above, Mr. Snyder first claims that counsel was ineffective. He alleges specifically that counsel failed to have Mr. Snyder's offense date specified in the plea agreement, failed to advise Mr. Snyder of the effect of a new sentencing law, failed to object at sentencing on the grounds that Mr. Snyder's guilty plea had not been accepted, and failed to introduce character witnesses at Mr. Snyder's sentencing. Respondents contend that Mr. Snyder did not raise all of these issues in the state court postconviction proceedings.

I have reviewed the state court appellate briefs and I find that Mr. Snyder did not raise in his appeal to the Colorado Court of Appeals his contention that counsel was ineffective by failing to object at sentencing on the grounds that Mr. Snyder's guilty plea had not been accepted by the trial court. The other three grounds were raised in Mr. Snyder's appeal to the Colorado Court of Appeals. However, in his petition for writ of certiorari to the Colorado Supreme Court, Mr. Snyder raised only his contentions that counsel was ineffective by failing to have an offense date specified in the plea agreement and by failing to advise Mr. Snyder of the effect of the new sentencing law. Mr. Snyder did not raise in his certiorari petition his contention that counsel was ineffective by failing to introduce character witnesses at sentencing. Therefore, I find that Mr. Snyder failed to exhaust state court remedies for his claims that counsel was ineffective by failing to object at sentencing on the grounds that Mr. Snyder's guilty plea had not been accepted by the trial court and by failing to introduce character witnesses at sentencing.

Claim Two

Mr. Snyder's second claim is that his sentence is illegal because he was sentenced pursuant to the wrong statutory sentencing scheme, because the trial court never accepted his guilty plea, and because his mandatory parole is illegal under Colorado law. Respondents assert that Mr. Snyder raised as a federal constitutional claim only his argument that he was sentenced pursuant to the wrong statutory sentencing scheme, an argument that was raised in state court as a violation of the constitutional prohibition against ex post facto laws. Although it is not clear that Mr. Snyder asserts the same illegal sentence claim in the instant action as an ex post facto violation, I will construe the application liberally as raising the illegal sentence claim as a federal constitutional claim in violation of the prohibition against ex post facto laws.

Mr. Snyder's argument that his sentence is illegal because the trial court never accepted his guilty plea was not raised in the state court postconviction proceedings. Therefore, I find that Mr. Snyder has not exhausted state court remedies for that claim.

Finally, although Mr. Snyder did challenge the mandatory parole portion of his sentence in the state court postconviction proceedings, he raised that claim only as a violation of Colorado law. Mr. Snyder's reference in his state court appellate briefs to *People v. Cooper*, 27 P.3d 348 (Colo. 2001), a case that involved only the interpretation of Colorado state statutes, did not satisfy the requirement that he raise his claim as a federal constitutional claim in state court. Therefore, even assuming Mr. Snyder's claim challenging the mandatory parole portion of his sentence is asserted as a federal constitutional claim in the instant action, I find that Mr. Snyder also has failed to exhaust state court remedies for that claim because it was not raised in state court

as a federal constitutional claim.

Claim Three

As his third claim, Mr. Snyder contends that his plea was not knowing, voluntary, and intelligent because he was not advised of the applicable sentencing scheme, because he was not advised of the requirements of the prison sex offender treatment program, and because the trial court never accepted his guilty plea. Respondents contend that the only portion of this claim that was raised in the state court postconviction proceedings was Mr. Snyder's contention that he was not advised of the applicable sentencing scheme, which Respondents assert was raised as a fundamental denial of due process. I agree that Mr. Snyder's claim challenging the adequacy of his advisement with respect to the applicable sentencing scheme was exhausted in state court as a due process claim. However, Mr. Snyder did not raise in the state court postconviction proceedings his contentions that his plea was not voluntary because he was not adequately advised of the requirements of the prison sex offender treatment program or because the trial court never accepted his guilty plea. Therefore, those claims are not exhausted.

Claim Four

Mr. Snyder alleges in his fourth claim that the trial court abused its discretion by imposing sentence without accepting Mr. Snyder's guilty plea, by sentencing Mr. Snyder under the wrong statutory sentencing scheme, and by making erroneous findings in connection with the denial of Mr. Snyder's Rule 35 motion. Respondents contend that Mr. Snyder has failed to exhaust state court remedies for any portion of

this claim.  Although I agree that Mr. Snyder did not raise any portion of this claim in the state courts as a federal constitutional claim, I find that the claim must be dismissed for the simple fact that Mr. Snyder does not assert the violation of a federal constitutional right in connection with his fourth claim for relief.  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Mr. Snyder does not allege, in connection with his fourth claim for relief, that either the trial court's failure to accept his guilty plea or the trial court's imposition of a sentence pursuant to the wrong statutory sentencing scheme violated his federal constitutional rights in any way.  Regarding his allegations that the trial court made erroneous findings in denying his postconviction Rule 35 motion, I note that there is no federal constitutional right to postconviction review in the state courts.  *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987).  A claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim."  *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").  Therefore, because Mr. Snyder fails to raise a federal constitutional argument in connection with his fourth claim for relief, that claim will be dismissed.

## III.  PROCEDURAL DEFAULT

Although Mr. Snyder failed to exhaust state court remedies for portions of his first three claims for relief, I may not dismiss those claims for failure to exhaust state remedies if Mr. Snyder no longer has an adequate and effective state remedy available to him.  *See Castille*, 489 U.S. at 351.  As Respondents note, the Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions that are not applicable to the claims Mr. Snyder failed to exhaust.  *See* Colo. R. Crim. P. 35(c)(3)(VII).  Therefore, the claims Mr. Snyder failed to exhaust are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice."  *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  Mr. Snyder's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Snyder does not attempt in either the application or his traverse to show cause and prejudice or a fundamental miscarriage of justice for his procedural default. He simply argues that no procedural default occurred.  He is mistaken.  Therefore, I find that the claims Mr. Snyder failed to exhaust are procedurally barred because Mr.

Snyder has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice.  The procedurally barred claims are the following: (1) the portions of Mr. Snyder's ineffective assistance of counsel claim in which he alleges that counsel failed to object at sentencing on the grounds that Mr. Snyder's guilty plea had not been accepted by the trial court and failed to introduce character witnesses at Mr. Snyder's sentencing; (2) the portions of Mr. Snyder's second claim in which he alleges that his sentence is illegal because the trial court never accepted his guilty plea and because his mandatory parole is illegal under Colorado law; and (3) the portions of Mr. Snyder's third claim in which he alleges that his plea was not knowing, voluntary, and intelligent because he was not advised of the requirements of the prison sex offender treatment program and because the trial court never accepted his guilty plea.

## IV.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1).  *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003).

The threshold question pursuant to § 2254(d)(1) is whether Mr. Snyder seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final.  ***See Williams v. Taylor***, 529 U.S. 362, 390 (2000) (Stevens, J., writing for the Court).  Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  ***Id.*** at 412 (O'Connor, J., writing for the Court).  If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  ***See id.*** at 404-05.

The "contrary to" clause allows a writ of habeas corpus to issue "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently that [the Supreme] Court has on a set of materially indistinguishable facts."  ***Id.*** at 413.  The "unreasonable application" clause allows a writ of habeas corpus to issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  ***Id.***  My inquiry pursuant to the "unreasonable application" clause is an objective inquiry.  ***See id.*** at 409-10.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather that application must also be unreasonable."  ***Id.*** at 411.

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2).  ***See***

*Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002).  Pursuant to

§ 2254(e)(1), I must presume that the state court's factual determinations are correct

and Mr. Snyder bears the burden of rebutting the presumption by clear and convincing

evidence.

I "owe deference to the state court's *result*, even if its reasoning is not expressly

stated."  *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).  Therefore, I "must

uphold the state court's summary decision unless [my] independent review of the

record and pertinent federal law persuades [me] that its result contravenes or

unreasonably applies clearly established federal law, or is based on an unreasonable

determination of the facts in light of the evidence presented."  *Id.* at 1178.  "[T]his

'independent review' should be distinguished from a full de novo review of the

petitioner's claims."  *Id.*

<u>V.  MERITS OF THE CLAIMS</u>

<u>Claim One</u>

Mr. Snyder first claims that counsel was ineffective.  As discussed above, the

only portions of the ineffective assistance of counsel claim that properly are exhausted

are Mr. Snyder's contentions that counsel was ineffective by failing to have an offense

date specified in the plea agreement and by failing to advise Mr. Snyder of the effect of

the new sentencing law.  These two issues are related.  Mr. Snyder's plea agreement

specified that he was pleading guilty to one count of sexual assault occurring between

January 1998 and November 30, 1999, and that he would be sentenced under the

Lifetime Supervision of Sex Offenders Act.  *See Snyder*, slip op. at 1.  The following

discussion by the state court of appeals demonstrates how these issues are related

and the significance of the time-frame of Mr. Snyder's offense and his sentencing under

the Lifetime Supervision of Sex Offenders Act.

> For sexual offenses committed prior to November 1,
> 1998, courts impose a sentence under the Colorado Sexual
> Offenders Act of 1968, § 18-1.3-901, et seq., C.R.S. 2004.
> All sexual offenses committed in Colorado on or after
> November 1, 1998[,] are subject to the Lifetime Supervision
> of Sexual Offenders Act. <u>See</u> § 18-1.3-401(1)(a)(V), (1)(c),
> C.R.S. 2004.
>
> Under the pre-November 1, 1998[,] sentencing
> scheme, sentences to incarceration are for a set number of
> years, and parole is discretionary, whereas the post-
> November 1, 1998[,] statutory scheme under the [Lifetime
> Supervision of Sexual Offenders Act] requires indeterminate
> sentencing up to life imprisonment and mandatory parole.
> <u>See</u> §§ 18-1.3-1004, 18-1.3-1006, C.R.S. 2004.

*Snyder*, slip op. at 3. Mr. Snyder contends that, because the offense to which he pled

guilty actually occurred in January 1998, he should not have been sentenced under the

Lifetime Supervision of Sexual Offenders Act. For the purposes of this ineffective

assistance of counsel claim, Mr. Snyder contends that his attorney should have

advised him of the significance of the new sentencing law that was effective on

November 1, 1998, and should have made sure that his plea agreement reflected the

actual date of his offense as having occurred prior to November 1, 1998.

It was clearly established when Mr. Snyder was convicted that a defendant has a

right to effective assistance of counsel. ***See Strickland v. Washington***, 466 U.S. 668

(1984). To establish that counsel was ineffective, Mr. Snyder must demonstrate both

that counsel's performance fell below an objective standard of reasonableness and that

counsel's deficient performance resulted in prejudice to his defense. ***See id***. at 687-88.

"Judicial scrutiny of counsel's performance must be highly deferential." ***Id.*** at 689.

There is a "strong presumption" that counsel's performance falls within the range of

"reasonable professional assistance." ***Id***. It is the defendant's burden to overcome this

presumption by showing that the alleged errors were not sound strategy under the

circumstances. ***See id.***

Under the prejudice prong, Mr. Snyder must establish "a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." ***Id.*** at 694. To show prejudice in the context of a guilty plea, Mr.

Snyder must demonstrate a reasonable probability that, but for counsel's alleged

errors, he would not have pled guilty but would have insisted on going to trial. ***See Hill***

***v. Lockhart***, 474 U.S. 52, 59 (1985).

If Mr. Snyder fails to satisfy either prong of the ***Strickland*** test, the ineffective

assistance of counsel claim must be dismissed. ***See Strickland***, 466 U.S. at 697.

Finally, ineffective assistance of counsel claims are mixed questions of law and fact.

***See id.*** at 698.

The Colorado Court of Appeals applied the proper standards from ***Strickland***

and rejected Mr. Snyder's claims that counsel was ineffective.

> Defendant first contends that his plea counsel failed
> to investigate and advise him properly with respect to the
> effective date of the [Lifetime Supervision of Sexual
> Offenders Act] and its applicability to defendant's guilty plea.
> We conclude that defendant failed to establish the required
> prejudice.
>
> Defendant argues that, had he been properly advised

about the change in the statutory sentencing scheme, he
would have rejected the tendered plea deal, and the
prosecution would have offered a more favorable one.
However, there is no evidence in the record that the
prosecution would have offered a plea deal under the pre-
November 1, 1998[,] sentencing scheme or any other more
favorable plea that would have included the possibility of
probation.  Moreover, there is no evidence in the record
that, but for counsel's alleged errors, defendant would have
chosen to go to trial instead of pleading guilty.

        The trial court found, "[w]hatever the defendant would
have been advised of with respect to the alternate
sentencing schemes, I'm satisfied that he would have
selected the plea bargain which was offered to him in order
to take advantage at least of the possibility of probation."
Because the record supports the trial court's finding, we
conclude that defendant failed to demonstrate the required
prejudice.

*Snyder*, slip op. at 12-13 (internal citations omitted).

Pursuant to § 2254(e)(1), the factual determination made by the state courts,

that Mr. Snyder accepted a plea bargain that included sentencing under the Lifetime

Supervision of Sexual Offenders Act because it offered him an opportunity to receive a

probationary sentence, is presumptively correct and Mr. Snyder bears the burden of

rebutting the presumption by clear and convincing evidence.  Although Mr. Snyder now

contends that he would have rejected the plea bargain offered to him if he had been

advised of the consequences of a non-probationary sentence under the Lifetime

Supervision of Sexual Offenders Act, he fails to present any clear and convincing

evidence to overcome the state court's factual finding that he wished to take advantage

of the possibility of receiving a sentence of probation that was included in the plea

agreement.  Therefore, I agree with the state court that Mr. Snyder fails to demonstrate

any prejudice due to counsel's alleged failures to have an offense date specified in the plea agreement and to advise Mr. Snyder of the effect of a non-probationary sentence under the Lifetime Supervision of Sexual Offenders Act. As a result, I find that the state court's decision denying Mr. Snyder's ineffective assistance of counsel claim is not contrary to or an unreasonable application of clearly established Federal law.

Claim Two

Mr. Snyder next claims that his sentence is illegal. Based upon the discussion set forth above, the only portion of the illegal sentence claim that properly was exhausted is Mr. Snyder's contention that his sentence violates the constitutional prohibition against ex post facto laws because he was sentenced under the wrong statutory sentencing scheme. As discussed above, Mr. Snyder was sentenced under the Lifetime Supervision of Sexual Offenders Act in accordance with his plea agreement even though he asserts that the alleged sexual assault occurred prior to the effective date of the Lifetime Supervision of Sexual Offenders Act.

To fall within the constitutional prohibition against ex post facto laws, a law must be retrospective, which means it must apply to events that occurred before the law was enacted, and the law must disadvantage the affected offender by altering the definition of what constitutes criminal conduct or by increasing the punishment for the offender's crime. *See Lynce v. Mathis*, 519 U.S. 433, 441 (1997). Whether an ex post facto violation has occurred is a question of law. *See Lustgarden v. Gunter*, 966 F.2d 552, 553 (10th Cir. 1992).

The Colorado Court of Appeals applied the correct standards and rejected Mr.

Snyder's ex post facto claim for the following reasons:

> A plea of guilty is the equivalent of an admission to all material facts alleged in the charge. By pleading guilty, a defendant admits involvement in the crime up to and including the last date alleged in the charge.

> Defendant testified at the Crim. P. 35 hearing that he committed only one incident of sexual assault on his stepdaughter, which occurred in January 1998. However, the victim had reported multiple incidents, including some occurring after November 1, 1998, and defendant's statements to the police also described more than one incident. At the providency hearing, the court found that the factual basis for defendant's guilty plea included multiple incidents throughout the charged period.

> Here, the information charged that defendant's offense occurred "between January 1998 and November 30, 1999." Having admitted by way of his guilty plea that the crime occurred between those dates, defendant cannot now claim otherwise. The period to which defendant pleaded guilty straddles November 1, 1998, when the [Lifetime Supervision of Sexual Offenders Act] went into effect. Although defendant testified at the Crim. P. 35 hearing that only one incident occurred before November 1, 1998, he nevertheless previously admitted to incidents, by way of his guilty plea, that occurred after November 1, 1998. Hence, we perceive no ex post facto violation in sentencing defendant under the [Lifetime Supervision of Sexual Offenders Act].

*Snyder*, slip op. at 4-5 (internal citations omitted).

The state court's rejection of Mr. Snyder's ex post facto claim is neither contrary to nor an unreasonable application of clearly established federal law. As the state court noted, Mr. Snyder's guilty plea constitutes an admission that the offense occurred between the dates charged, and the offense to which Mr. Snyder pled guilty was charged to have occurred between 1998 and November 1999. Because the charged

date of the offense extends a full year beyond the effective date of the Lifetime

Supervision of Sexual Offenders Act, there is no ex post facto violation.

Claim Three

Mr. Snyder's third claim for relief challenges the adequacy of the advisement he

received prior to entering his guilty plea.  As discussed above, the only portion of this

claim that was exhausted in state court is Mr. Snyder's contention that he did not

receive an adequate advisement with respect to the applicable sentencing scheme.  He

specifically claims that his plea was not knowing and intelligent in violation of his due

process rights because he was not advised of the consequences of being sentenced

under the Lifetime Supervision of Sexual Offenders Act.

"The longstanding test for determining the validity of a guilty plea is whether the

plea represents a voluntary and intelligent choice among the alternative courses of

action open to the defendant."  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (internal

quotation marks omitted).  To be knowing and intelligent, the defendant must have "a

full understanding of what the plea connotes and of its consequence."  *Boykin v.*

*Alabama*, 395 U.S. 238, 244 (1969).  In other words, a federal habeas court will uphold

a plea "if the circumstances demonstrate that the defendant understood the nature and

the consequences of the charges against him and that the defendant voluntarily chose

to plead guilty."  *Miles v. Dorsey*, 61 F.3d 1459, 1466 (10th Cir. 1995).  The question of

whether a guilty plea is knowing and voluntary presents a question of law.  *See*

*Cunningham v. Diesslin*, 92 F.3d 1054, 1060 (10th Cir. 1996).  Of course, I still must

presume correct any factual findings made by the state court in support of its

conclusion that a guilty plea was knowing and voluntary.  ***See id.***

The Colorado Court of Appeals applied the correct standards and determined that Mr. Snyder's guilty plea was knowing and voluntary based on the following reasoning:

> Here, the court found that defendant's plea was "freely, voluntarily and knowingly" given.  The record reflects that defendant read and signed the written waiver and guilty plea after reviewing it with counsel.
>
> During the providency hearing, the trial court questioned defendant about his understanding of the rights he was giving up, and defendant stated that he understood and that he was acting voluntarily.  Defense counsel also stated that defendant understood the rights he was giving up.  The court then explained the possible penalties under the [Lifetime Supervision of Sexual Offenders Act].  The following colloquy took place:
>
>> The Court: . . . And Mr. Snyder, do you understand that the possible penalty for this offense is from four years to life?
>>
>> The Defendant: Yes, sir.
>>
>> The Court: And do you understand that there is a term of mandatory parole of at least five years?
>>
>> The Defendant: Yes, Sir.
>>
>> The Court: All right.  And do you understand that the Court is not bound by any representations made by anyone concerning the penalty to be imposed or the granting or denial of probation?
>>
>> The Defendant: Yes, sir.
>>
>> The Court: And knowing that, do you wish to plead guilty to sexual assault on a child,

position of trust?

The Defendant: Yes, sir.

Additionally, at the hearing on defendant's Crim. P. 35 motion, both defendant and his plea counsel testified that defendant had accepted the plea agreement and entered the guilty plea voluntarily because the plea agreement allowed for the possibility of probation.

We conclude the trial court did not abuse its discretion in denying defendant's Crim. P. 35(c) motion to vacate his plea agreement. The record supports the court's finding that defendant was adequately advised pursuant to Crim. P. 11 and that he knowingly and voluntarily pled guilty.

*Snyder*, slip op. at 10-11 (internal citations omitted).

I agree with the state court's conclusion that Mr. Snyder understood the nature and consequences of the charge to which he was pleading guilty and that he voluntarily chose to plead guilty. The state court's factual determination that Mr. Snyder chose to plead guilty because the plea agreement he entered allowed for the possibility of parole is presumptively correct and Mr. Snyder fails to overcome that presumption with clear and convincing evidence. Furthermore, Mr. Snyder stated in open court that he understood the possibility that he would receive an indeterminate prison sentence as well as an indeterminate period of mandatory parole. Such statements in open court carry "a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). For these reasons, I find that the state court's decision is neither contrary to nor an unreasonable application of clearly established federal law. As a result, Mr. Snyder's third claim for relief also must be dismissed.

Claim Four

Finally, as discussed above, Mr. Snyder's fourth claim will be dismissed because he fails to raise a federal constitutional argument in connection with that claim. Accordingly, it is

ORDERED that Applicant's "Motion for Amendment to Grounds on Writ of Habeas Corpus and Addition of Exhibit" (docket #24) filed on July 23, 2007, is GRANTED. It is

FURTHER ORDERED that Applicant's "Motion for Amendment to Grounds on Writ of Habeas Corpus and Addition of Exhibit" (docket #26) filed on July 23, 2007, is DENIED as moot. It is

FURTHER ORDERED that the habeas corpus application is DENIED and the action is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated: March 19, 2008

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge