IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 06-cv-01488-WYD-BNB

JOHN GLENN SNYDER,

    Applicant,

v.

JOE ORTIZ, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

This matter is before me pursuant to the mandate of the United States Court of Appeals for the Tenth Circuit issued on August 26, 2008. I previously dismissed this habeas corpus action with prejudice. I dismissed some of the claims as procedurally barred without considering the merits of those claims. I addressed the remaining claims on the merits and determined that Applicant also was not entitled to relief on those claims. The Tenth Circuit reversed my order and remanded the case for further proceedings. The Tenth Circuit determined that I must either dismiss the action as a mixed petition or deny the entire petition on the merits. For the reasons stated below, I find that all of the claims lack merit.

Applicant John Glenn Snyder is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility at Cañon City, Colorado. Mr. Snyder has filed *pro se* an application for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 challenging his Colorado state court conviction and sentence.  In an order filed on August 3, 2007, I directed Respondents to file an answer to the habeas corpus application.  On August 22, 2007, Respondents filed their answer.  On October 12, 2007, Mr. Snyder filed a traverse to Respondents' answer.

I must construe the application and other papers filed by Mr. Snyder liberally because he is not represented by an attorney.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not be an advocate for a *pro se* litigant.  **See Hall**, 935 F.2d at 1110.  After reviewing the entire file, I find that an evidentiary hearing is not necessary.  For the reasons stated below, the habeas corpus application will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Snyder was convicted in 2002 in Weld County District Court case number 01CR367.  Mr. Snyder entered a guilty plea to one count of sexual assault on a child by a person in a position of trust.  He was sentenced to an indeterminate term of six years to life in prison to be followed by an indeterminate term of ten years to life on mandatory parole.  Mr. Snyder did not file a direct appeal.  Instead, on December 2, 2002, he filed in the trial court a postconviction motion pursuant to Rule 35 of the Colorado Rules of Criminal Procedure challenging the validity of his conviction and sentence.  On August 11, 2003, the trial court denied the Rule 35 motion.  The Colorado Court of Appeals affirmed the denial of the Rule 35 motion.  **See People v. Snyder**, No. 03CA1776 (Colo. Ct. App. May 19, 2005) (not published).  On October 17, 2005, the Colorado Supreme Court denied Mr. Snyder's petition for writ of certiorari.

2

The Court received the instant action for filing on July 26, 2006. On August 25, 2006, Mr. Snyder filed an amended habeas corpus application asserting four claims for relief, each with sub-parts. On July 23, 2007, Mr. Snyder filed a motion to amend. The motion to amend adds additional arguments to Mr. Snyder's first claim and two new sub-parts to Mr. Snyder's second claim. The motion to amend also substitutes new claims three and four in place of the third and fourth claims in the amended application filed on August 25, 2006. I previously granted the July 23, 2007, motion to amend. Mr. Snyder's amended claims for relief, with sub-parts, are the following:

1. Counsel was ineffective by failing to: (a) have Mr. Snyder's offense date specified in the plea agreement; (b) advise Mr. Snyder of the effect of a new sentencing law; (c) object at sentencing on the grounds that Mr. Snyder's guilty plea had not been accepted by the court; and (d) introduce character witnesses at sentencing.[1]

2. Mr. Snyder's sentence is illegal because: (a) he was sentenced pursuant to the wrong statutory sentencing scheme; (b) the trial court never accepted his guilty plea; and (c) his mandatory parole is illegal under Colorado law.[2]

3. Mr. Snyder's guilty plea was not knowing, voluntary, and intelligent because: (a) the trial court never accepted his guilty plea; (b) he was not advised of the applicable sentencing scheme; (c) he was not advised of the requirements of the prison sex offender treatment program; and (d) the trial court failed to establish a factual basis for his guilty plea.

---

[1] Mr. Snyder actually asserts seven sub-parts to his first claim. However, three of the sub-parts are variations of Mr. Snyder's claim 1(a) that counsel failed to have the offense date specified in the plea agreement. Mr. Snyder alleges in the three variations of claim 1(a) that counsel failed to object to a twenty-three-month time line in the plea agreement for a single incident, failed to obtain a medical expert to establish the date of the offense, and failed to object to an inaccurate time line in the plea agreement.

[2] Mr. Snyder actually asserts six sub-parts to his second claim. Three of the sub-parts are variations of Mr. Snyder's argument that he was sentenced pursuant to the wrong sentencing scheme, which is listed as claim 2(a). Two of the sub-parts are variations of Mr. Snyder's argument that his sentence is illegal because his plea was not accepted, which is listed as claim 2(b).

4. The trial court abused its discretion by: (a) imposing sentence without accepting Mr. Snyder's guilty plea; (b) sentencing Mr. Snyder under the wrong statutory sentencing scheme; and (c) making erroneous findings in connection with the denial of Mr. Snyder's Rule 35 motion.[3]

Respondents concede that the action is filed in a timely manner pursuant to 28 U.S.C. § 2244(d). However, Respondents argue that Mr. Snyder has failed to exhaust state remedies for some of the claims he is raising. I need not address the exhaustion argument because I find that all of Mr. Snyder's claims lack substantive merit. **See** 28 U.S.C. § 2254(b)(2).

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). **See Cook v. McKune**, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Mr. Snyder seeks to apply a

---

[3]Mr. Snyder actually asserts six sub-parts to his fourth claim. However, four of the sub-parts relate to allegedly erroneous findings in connection with the denial of Mr. Snyder's Rule 35 motion, which is listed as claim 4(c).

4

rule of law that was clearly established by the Supreme Court at the time his conviction became final. **See Williams v. Taylor**, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id*. at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case **sub judice**. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

**House v. Hatch**, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of my inquiry pursuant to § 2254(d)(1). **See id**. at 1018. If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. **See Williams**, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." **Maynard** [**v. Boone**], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting **Williams**, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" **Williams**, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme

5

> Court cases, but unreasonably applies it to the facts. *Id*. at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

My inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id*. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id*.

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows me to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct and Mr. Snyder bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005)

6

(quoting **Miller-El v. Cockrell**, 537 U.S. 322, 340 (2003)).

Finally, I "owe deference to the state court's *result*, even if its reasoning is not expressly stated." **Aycox v. Lytle**, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." **Id.** at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." **Id.**

### III. MERITS OF THE CLAIMS

<u>Claim One</u>

Mr. Snyder first claims that counsel was ineffective because counsel failed to: (a) have Mr. Snyder's offense date specified in the plea agreement; (b) advise Mr. Snyder of the effect of a new sentencing law; (c) object at sentencing on the grounds that Mr. Snyder's guilty plea had not been accepted; and (d) introduce character witnesses at sentencing. Claims 1(a) and 1(b) were exhausted in state court and are related. Mr. Snyder's plea agreement specified that he was pleading guilty to one count of sexual assault occurring between January 1998 and November 30, 1999, and that he would be sentenced under the Lifetime Supervision of Sex Offenders Act. **See Snyder**, slip op. at 1. The following discussion by the state court of appeals demonstrates how claims 1(a) and 1(b) are related and the significance of the time-frame of Mr. Snyder's offense and his sentencing under the Lifetime Supervision of Sex Offenders Act.

7

> For sexual offenses committed prior to November 1, 1998, courts impose a sentence under the Colorado Sexual Offenders Act of 1968, § 18-1.3-901, et seq., C.R.S. 2004. All sexual offenses committed in Colorado on or after November 1, 1998[,] are subject to the Lifetime Supervision of Sexual Offenders Act. See § 18-1.3-401(1)(a)(V), (1)(c), C.R.S. 2004.
>
> Under the pre-November 1, 1998[,] sentencing scheme, sentences to incarceration are for a set number of years, and parole is discretionary, whereas the post-November 1, 1998[,] statutory scheme under the [Lifetime Supervision of Sexual Offenders Act] requires indeterminate sentencing up to life imprisonment and mandatory parole. See §§ 18-1.3-1004, 18-1.3-1006, C.R.S. 2004.

***Snyder***, slip op. at 3. Mr. Snyder contends that, because the offense to which he pled guilty actually occurred in January 1998, he should not have been sentenced under the Lifetime Supervision of Sexual Offenders Act. For the purposes of claims 1(a) and 1(b), Mr. Snyder contends that his attorney should have advised him of the significance of the new sentencing law that was effective on November 1, 1998, and should have made sure that his plea agreement reflected the actual date of his offense as having occurred prior to November 1, 1998.

It was clearly established when Mr. Snyder was convicted that a defendant has a right to effective assistance of counsel. **See Strickland v. Washington**, 466 U.S. 668 (1984). To establish that counsel was ineffective, Mr. Snyder must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. **See id**. at 687-88. "Judicial scrutiny of counsel's performance must be highly deferential." **Id.** at 689. There is a "strong presumption" that counsel's performance falls within the range of

"reasonable professional assistance." *Id*. It is the defendant's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances. *See id.*

Under the prejudice prong, Mr. Snyder must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To show prejudice in the context of a guilty plea, Mr. Snyder must demonstrate a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty but would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

If Mr. Snyder fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claim must be dismissed. *See Strickland*, 466 U.S. at 697. Finally, ineffective assistance of counsel claims are mixed questions of law and fact. *See id.* at 698.

The Colorado Court of Appeals applied the proper standards from *Strickland* and rejected Mr. Snyder's claims 1(a) and 1(b).

> Defendant first contends that his plea counsel failed to investigate and advise him properly with respect to the effective date of the [Lifetime Supervision of Sexual Offenders Act] and its applicability to defendant's guilty plea. We conclude that defendant failed to establish the required prejudice.
>
> Defendant argues that, had he been properly advised about the change in the statutory sentencing scheme, he would have rejected the tendered plea deal, and the prosecution would have offered a more favorable one. However, there is no evidence in the record that the prosecution would have offered a plea deal under the pre-

> November 1, 1998[,] sentencing scheme or any other more
> favorable plea that would have included the possibility of
> probation. Moreover, there is no evidence in the record that,
> but for counsel's alleged errors, defendant would have
> chosen to go to trial instead of pleading guilty.
>
> The trial court found, "[w]hatever the defendant would
> have been advised of with respect to the alternate
> sentencing schemes, I'm satisfied that he would have
> selected the plea bargain which was offered to him in order
> to take advantage at least of the possibility of probation."
> Because the record supports the trial court's finding, we
> conclude that defendant failed to demonstrate the required
> prejudice.

*Snyder*, slip op. at 12-13 (internal citations omitted).

Pursuant to § 2254(e)(1), the factual determination made by the state courts, that Mr. Snyder accepted a plea bargain that included sentencing under the Lifetime Supervision of Sexual Offenders Act because it offered him an opportunity to receive a probationary sentence, is presumptively correct and Mr. Snyder bears the burden of rebutting the presumption by clear and convincing evidence. Although Mr. Snyder now contends that he would have rejected the plea bargain offered to him if he had been advised of the consequences of a non-probationary sentence under the Lifetime Supervision of Sexual Offenders Act, he fails to present any clear and convincing evidence to overcome the state court's factual finding that he wished to take advantage of the possibility of receiving a sentence of probation that was included in the plea agreement. Therefore, I agree with the state court that Mr. Snyder fails to demonstrate any prejudice due to counsel's alleged failures to have an offense date specified in the plea agreement and to advise Mr. Snyder of the effect of a non-probationary sentence

under the Lifetime Supervision of Sexual Offenders Act. As a result, I find that the state court's decision denying Mr. Snyder's claims 1(a) and 1(b) is not contrary to or an unreasonable application of clearly established Federal law.

Mr. Snyder alleges in claim 1(c) that counsel failed to object at sentencing on the grounds that Mr. Snyder's guilty plea had not been accepted by the court. The state courts did not address this claim. However, I have reviewed claim 1(c) and I find that claim 1(c) lacks merit because Mr. Snyder fails to demonstrate that he was prejudiced by counsel's failure to object at sentencing on the grounds that Mr. Snyder's plea had not been accepted by the court. The documents Mr. Snyder has produced indicate that the trial court deferred formal acceptance of the plea agreement at the providency hearing in order to prevent Mr. Snyder's immediate incarceration. Although Mr. Snyder contends that his guilty plea still was not formally accepted by the trial court at sentencing, he fails to demonstrate that his plea was not accepted by the trial court, which imposed a sentence consistent with the plea agreement, and he fails to allege any prejudice. As a result, claim 1(c) also will be dismissed.

Mr. Snyder alleges in claim 1(d) that counsel was ineffective by failing to introduce character witnesses at sentencing. The Colorado Court of Appeals rejected this ineffective assistance of counsel claim after determining that Mr. Snyder had failed to satisfy either prong under **Strickland**. The state court reasoned that "[d]efense counsel's decision whether to present certain witnesses at sentencing is a strategic decision and, thus a matter of discretion for counsel. Further, defendant did not explain who the additional witnesses would be or how their testimony would have resulted in a

11

more lenient sentence." *Snyder*, slip op. at 14 (citations omitted).

I agree with the Colorado Court of Appeals that Mr. Snyder fails to demonstrate either that counsel was ineffective or that he suffered any prejudice as a result of counsel's failure to introduce character witnesses at sentencing. As noted above, there is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance" and it is the defendant's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances. *See Strickland*, 466 U.S. at 689. In the instant action, Mr. Snyder fails to demonstrate that counsel's failure to introduce character witnesses at sentencing was not part of a legitimate trial strategy as found by the state court. Furthermore, Mr. Snyder still fails to identify who counsel should have called as character witnesses at his sentencing or how the testimony of any character witnesses would have resulted in a shorter sentence. For these reasons, I find that the state court's rejection of claim 1(d) is not contrary to or an unreasonable application of the *Strickland* standards and claim 1(d) will be dismissed.

Claim Two

Mr. Snyder next claims that his sentence is illegal because: (a) he was sentenced pursuant to the wrong statutory sentencing scheme; (b) the trial court never accepted his guilty plea; and (c) his mandatory parole is illegal under Colorado law. Mr. Snyder raises his claim 2(a), in which he alleges that he was sentenced pursuant to the wrong statutory sentencing scheme, as a constitutional ex post facto claim. As discussed above, Mr. Snyder was sentenced under the Lifetime Supervision of Sexual

Offenders Act in accordance with his plea agreement even though he asserts that the alleged sexual assault occurred prior to the effective date of the Lifetime Supervision of Sexual Offenders Act.

To fall within the constitutional prohibition against ex post facto laws, a law must be retrospective, which means it must apply to events that occurred before the law was enacted, and the law must disadvantage the affected offender by altering the definition of what constitutes criminal conduct or by increasing the punishment for the offender's crime. **See Lynce v. Mathis**, 519 U.S. 433, 441 (1997). Whether an ex post facto violation has occurred is a question of law. **See Lustgarden v. Gunter**, 966 F.2d 552, 553 (10th Cir. 1992).

The Colorado Court of Appeals applied the correct standards and rejected Mr. Snyder's ex post facto claim for the following reasons:

> A plea of guilty is the equivalent of an admission to all material facts alleged in the charge. By pleading guilty, a defendant admits involvement in the crime up to and including the last date alleged in the charge.
>
> Defendant testified at the Crim. P. 35 hearing that he committed only one incident of sexual assault on his stepdaughter, which occurred in January 1998. However, the victim had reported multiple incidents, including some occurring after November 1, 1998, and defendant's statements to the police also described more than one incident. At the providency hearing, the court found that the factual basis for defendant's guilty plea included multiple incidents throughout the charged period.
>
> Here, the information charged that defendant's offense occurred "between January 1998 and November 30, 1999." Having admitted by way of his guilty plea that the crime occurred between those dates, defendant cannot now

13

> claim otherwise. The period to which defendant pleaded
> guilty straddles November 1, 1998, when the [Lifetime
> Supervision of Sexual Offenders Act] went into effect.
> Although defendant testified at the Crim. P. 35 hearing that
> only one incident occurred before November 1, 1998, he
> nevertheless previously admitted to incidents, by way of his
> guilty plea, that occurred after November 1, 1998. Hence,
> we perceive no ex post facto violation in sentencing
> defendant under the [Lifetime Supervision of Sexual
> Offenders Act].

*Snyder*, slip op. at 4-5 (internal citations omitted).

The state court's rejection of Mr. Snyder's ex post facto claim is neither contrary to nor an unreasonable application of clearly established federal law. As the state court noted, Mr. Snyder's guilty plea constitutes an admission that the offense occurred between the dates charged, and the offense to which Mr. Snyder pled guilty was charged to have occurred between calendar year 1998 and November 1999. Because the charged date of the offense extends a full year beyond the effective date of the Lifetime Supervision of Sexual Offenders Act, there is no ex post facto violation.

Mr. Snyder contends in claim 2(b) that his sentence is illegal because the trial court never accepted his guilty plea. He asserts in claim 2(c) that the mandatory parole portion of his sentence is illegal under Colorado law. I find that claims 2(b) and 2(c) lack merit because Mr. Snyder does not identify the violation of a federal constitutional right in connection with either claim. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, claims 2(b) and 2(c) will be dismissed because they do not present the violation of a federal

constitutional right.

Claim Three

Mr. Snyder alleges in his third claim for relief that his guilty plea was not knowing, voluntary, and intelligent because: (a) the trial court never accepted his guilty plea; (b) he was not advised of the applicable sentencing scheme; (c) he was not advised of the requirements of the prison sex offender treatment program; and (d) the trial court failed to establish a factual basis for his guilty plea.

"The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." **Hill v. Lockhart**, 474 U.S. 52, 56 (1985) (internal quotation marks omitted). The defendant must have "a full understanding of what the plea connotes and of its consequence." **Boykin v. Alabama**, 395 U.S. 238, 244 (1969). In other words, a guilty plea is valid "if the circumstances demonstrate that the defendant understood the nature and the consequences of the charges against him and that the defendant voluntarily chose to plead guilty." **Miles v. Dorsey**, 61 F.3d 1459, 1466 (10th Cir. 1995). The defendant need not understand every collateral consequence of his plea, only the direct consequences. **See United States v. Hurlich**, 293 F.3d 1223, 1230 (10th Cir. 2002). "Consequences of a guilty plea unrelated to the length and nature of the . . . sentence are not direct consequences." **Id.** at 1231. Finally, the question of whether a guilty plea is knowing and voluntary presents a question of law. **See Cunningham v. Diesslin**, 92 F.3d 1054, 1060 (10th Cir. 1996). Of course, I still must presume correct any factual findings made by the state court in

15

support of its conclusion that a guilty plea was knowing and voluntary. *See id.*

The Colorado Court of Appeals applied the correct standards and determined that Mr. Snyder's guilty plea was knowing and voluntary:

> Here, the court found that defendant's plea was "freely, voluntarily and knowingly" given. The record reflects that defendant read and signed the written waiver and guilty plea after reviewing it with counsel.
>
> During the providency hearing, the trial court questioned defendant about his understanding of the rights he was giving up, and defendant stated that he understood and that he was acting voluntarily. Defense counsel also stated that defendant understood the rights he was giving up. The court then explained the possible penalties under the [Lifetime Supervision of Sexual Offenders Act]. The following colloquy took place:
>
>> The Court: . . . And Mr. Snyder, do you understand that the possible penalty for this offense is from four years to life?
>>
>> The Defendant: Yes, sir.
>>
>> The Court: And do you understand that there is a term of mandatory parole of at least five years?
>>
>> The Defendant: Yes, sir.
>>
>> The Court: All right. And do you understand that the Court is not bound by any representations made by anyone concerning the penalty to be imposed or the granting or denial of probation?
>>
>> The Defendant: Yes, sir.
>>
>> The Court: And knowing that, do you wish to plead guilty to sexual assault on a child, position of trust?

> The Defendant: Yes, sir.
>
> Additionally, at the hearing on defendant's Crim. P. 35 motion, both defendant and his plea counsel testified that defendant had accepted the plea agreement and entered the guilty plea voluntarily because the plea agreement allowed for the possibility of probation.
>
> We conclude the trial court did not abuse its discretion in denying defendant's Crim. P. 35(c) motion to vacate his plea agreement. The record supports the court's finding that defendant was adequately advised pursuant to Crim. P. 11 and that he knowingly and voluntarily pled guilty.

*Snyder*, slip op. at 10-11 (internal citations omitted).

I agree with the state court's conclusion that Mr. Snyder understood the nature and direct consequences of the charge to which he was pleading guilty and that he voluntarily chose to plead guilty. The state court's factual determination that Mr. Snyder chose to plead guilty because the plea agreement he entered allowed for the possibility of probation is presumptively correct and Mr. Snyder fails to overcome that presumption with clear and convincing evidence. Mr. Snyder also fails to demonstrate that the trial court never accepted his guilty plea or that the trial court never established a factual basis for his guilty plea. Furthermore, the fact that Mr. Snyder was not advised of the requirements of the prison sex offender treatment program does not state a federal constitutional claim because the requirements of the prison sex offender treatment program are not a direct consequence of his guilty plea.

Most importantly, Mr. Snyder fails to demonstrate that he was not advised of the applicable sentencing scheme. Mr. Snyder stated in open court that he understood the possibility that he would receive an indeterminate prison sentence as well as an

17

indeterminate period of mandatory parole. Such statements in open court carry "a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." **Blackledge v. Allison**, 431 U.S. 63, 74 (1977). For these reasons, I find that the state court's decision is neither contrary to nor an unreasonable application of clearly established federal law. As a result, Mr. Snyder's third claim for relief also must be dismissed in its entirety.

Claim Four

Finally, Mr. Snyder's fourth claim for relief must be dismissed because he does not assert the violation of a federal constitutional right in connection with that claim. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." **Estelle v. McGuire**, 502 U.S. 62, 67-68 (1991).

Mr. Snyder alleges in his fourth claim that the trial court abused its discretion by: (a) imposing sentence without accepting his guilty plea; (b) sentencing him under the wrong statutory sentencing scheme; and (c) making erroneous findings in connection with the denial of his Rule 35 motion. He does not allege in claims 4(a) and 4(b) that the trial court violated his federal constitutional rights in any way and, regarding claim 4(c), there is no federal constitutional right to postconviction review in the state courts. **See Pennsylvania v. Finley**, 481 U.S. 551, 557 (1987). A claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." **Sellers v. Ward**, 135 F.3d 1333, 1339 (10th Cir. 1998); **see also Steele**

*v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Therefore, the fourth claim for relief will be dismissed because the fourth claim does not present a violation of a federal constitutional right.[4] Accordingly, it is

ORDERED that the habeas corpus application is DENIED and the action is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

DATED at Denver, Colorado, this 7th day of October, 2008.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL
UNITED STATES DISTRICT JUDGE

---

[4] I also determined in my prior order dismissing this action that Mr. Snyder's claims 4(a), 4(b), and 4(c) should be dismissed for failure to raise a federal constitutional claim and the Tenth Circuit agreed with that conclusion.

19